IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-80084

CIV-HURLEY

FAIR HOUSING CENTER OF THE
GREATER PALM BEACHES, INC.,

    Plaintiff

v.

BONAVENTURE ASSOCIATES 93 LTD,
D/B/A THE FALLS OF BONAVENTURE;
ROIZMAN DEVELOPMENT, INC.;
RELATED FLORIDA LTD., AND
RELATED GENERAL OF FLORIDA, LTD,
DBA THE RELATED GROUP OF
FLORIDA; RCMP, INC., RELATED
FLORIDA, INC; RCC BONAVENTURE, INC.;
AND S.H.N.I.R. APARTMENT
MANAGEMENT CORP.

    Defendants
_____/

FILED BY _____ D.C.
2007 JAN 26 PM 12:24

### COMPLAINT FOR DECLARATORY JUDGMENT, PERMANENT INJUNCTIVE RELIEF AND DAMAGES

    1.    This is an action for declaratory judgment, permanent injunctive relief, and damages for discrimination on the basis of familial status in the rental of housing. Defendants have engaged in a pattern or practice of conduct with the purpose and the effect of discriminating against families with minor children by discouraging them from renting and/or limiting the number of children who may live in apartment buildings that Defendants own or manage. This discrimination has been carried out through the use of, among other things, unreasonably,

*FHC v. Bonaventure, et al.,*
*Complaint*

restrictive occupancy policies that limit, the number of persons allowed to occupy rental units. This action arises under the Fair Housing Act of 1968, as amended, 42 U.S.C. §3601 et seq. (the "Fair Housing Act").

### Jurisdiction and Venue

2. Jurisdiction is conferred on this Court by 42 U.S.C. §3613, and §3617, 28 U.S.C. §1331, 28 U.S.C. §2201-2202, and 28 U.S.C. §1343. Pendent claims are asserted pursuant to 28 U.S.C. §1367.

3. Venue is proper in this District under 28 U.S.C. §1391 as this is the district in which the events giving rise to the Plaintiff's claim occurred and as this is an action which is not founded solely on diversity of citizenship.

### Parties

*Plaintiff*

4. Plaintiff, FAIR HOUSING CENTER OF THE GREATER PALM BEACHES ("FHC") is a corporation not-for-profit, organized under the laws of the State of Florida and maintains as a primary goal, the elimination of housing discrimination throughout the Greater Palm Beaches area and further maintains as its mission, the eradication and elimination of direct and indirect obstacles which limit full access to the housing market throughout Florida and seeks to prohibit unlawful housing discrimination through education, public awareness and enforcement.

5. Plaintiff, FHC, has engaged and continues to engage in a multitude of fair housing

*FHC v. Bonaventure, et al.,*
Complaint

activities and services, including contracting with governmental officials to promote fair housing, training housing providers and local municipalities about anti-discrimination laws, referring constituents to housing opportunities free from discrimination, mediating fair housing issues concerning municipalities, participating and sponsoring fair housing educational programs through workshops and through dissemination of anti-discrimination literature, counseling citizens of the Greater Palm Beaches on fair housing rights and assisting in the enforcement of federally protected rights guaranteed under the Fair Housing Act.

6. The FHC partners and collaborates with federal, state and local agencies, such as the Florida Commission on Human Relations, Florida Condominium Ombudsman, U.S. Department of Justice, Florida Attorney General, HUD, Palm Beach Office of Equal Opportunity, State Attorney's Office-Civil Rights Unit, Florida Rural Legal Services, as well as the Office of Thrift Supervision, Florida Department of Business and Professional Regulations and the Internal Revenue Service.

7. Plaintiff, FHC, has been and continues to be, adversely affected by the acts, policies, and practices of the Defendants and/or their agents.

### Defendants

8. Upon information and belief, Defendants, Bonaventure Associates 93 Ltd., Roizman Development, Inc.; Related Florida Ltd.; Related General of Florida, Ltd.; RCMP, Inc.; Related Florida, Inc.; and RCC Bonaventure, Inc., are corporate or partnership entities organized under the laws of the State of Florida. The S.H.N.I.R. Apartment Management Corporation is a

*FHC v. Bonaventure, et al.,*
*Complaint*

foreign for profit corporate entity that operates in Florida, but has an inactive status since 1998 by the Florida Department of State, Divisions of Corporations, resulting from a revocation for not filing annual reports.

9. Upon information and belief, the Falls of Bonaventure Apartments, located at 201 Racquet Club Road, Weston, Florida 33326, is a 300 unit complex consisting of 89 one-bedroom apartment units and 211 two-bedroom units.

10. Upon information and belief, the legal owners of the Falls of Bonaventure Apartments are Bonaventure Associates 93 Ltd., a Florida limited partnership; with Roizman Development Inc., RCC Bonaventure Inc., and The Related Group of Florida as general managing partners that are jointly and severally liable for the obligations of Bonaventure Associates 93 Ltd.

11. Bonaventure Associates 93 Ltd. has its principal place of business located at 832 Germantown Pike, Suite 5, Plymouth Meeting, PA 19462, and its registered agent is Dawn M. Meyers, 350 East Las Olas Blvd., Suite 1000, FT. Lauderdale, FL 33301. RCC Bonaventure, Inc. has as its principal address: C/O Chartermac, 625 Madison Ave., New York, NY 10022, and its registered agent is Corporation Service Company 1201 Hays Street, Tallahassee FL 32301. Roizman Development, Inc. has as its principal address, 832 E. Germantown Pike, Suite 5, Plymouth Meeting, PA, 19462, and its registered agent is Dawn M. Meyers, 330 East Las Olas Boulevard, Suite 1000, Ft. Lauderdale, FL 33301.

12. Upon information and belief, The Related Group of Florida is a fictitious

*FHC v. Bonaventure, et al.,*
*Complaint*

Trademark name, and is owned by Related Florida, Ltd, and Related General of Florida, Ltd., who are jointly and severally liable for the obligations of Bonaventure Associates 93 Ltd.

13. Related Florida, Ltd, is a Florida limited partnership, and its general managing partner is Related Florida, Inc. who is jointly and severally liable for the obligations of Bonaventure Associates 93, Ltd. Related Florida Ltd, has as it principal address, 2828 Coral Way, Penthouse, Miami, FL 33145, and it registered agent is Corporate Creations Network Inc., 11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410. Florida Related, Inc.'s principal address is: C/O the Related Group, 315 S. Biscayne Blvd, 3rd Floor, Miami FL 33131, and its registered agent is Corporate Creations Network Inc., 11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410.

14. Related General of Florida, Ltd., is a Florida limited partnership, and its general managing partner is RCMP, Inc. who is jointly and severally liable for the obligations of Bonaventure Associates 93, Ltd. Related General of Florida is located at 315 S. Biscayne Boulevard, 3rd Floor, Miami FL 33131, and it Registered Agent is Corporate Creations Network Inc., 11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410. RCMP, Inc., has its principal address as: C/O The Related Companies, 60 Columbus Circle, New York, NY 10023, and its registered agent is Corporation Service Company, 1201 Hayes Street, Tallahassee, FL 32301.

15. Defendant Bonaventure Associates 93, Ltd. and the other named owners, at all times relevant herein, employed S.H.N.I.R. Apartment Management Corp. to manage the Falls of

*FHC v. Bonaventure, et al.,*
Complaint

Bonaventure Apartments. S.H.N.I.R. has its principal address at 919 E. Germantown Pike, Suite # 5, Norristown, PA 19401, and its registered agent is Israel Roizman, 201 Racquet Club Drive, Fort Lauderdale, FL 33319.

16. Defendant, the Related Group of Florida, is one of South Florida largest multi-family residential developers and ranks as Florida's top multi-family developer with its current development portfolio including projects values in excess of $10 billion. It also is one of the largest real estate developers in the United States, which specializes in the construction of high-rise condos. The Company 2005 online revenue was $3.3 billion. The Related Group has built and managed more than 55,000 residential units throughout Florida.

17. Defendant Roizman Development Inc. and its affiliated companies, since 1988, have developed over 3,000 rental units throughout the East Coast of the United States, from New York to Florida, with 17 developments in seven states and the District of Columbia. Of Roizman's total portfolio, 90 percent are designated to low and moderate income households, and the remaining 10 percent to market rate households. S.H.N.I.R. Apartment Management Corporation manages all of the properties owned by Roizman Development, Inc. Roizman Development and S.H.N.I.R. Apartment Management Corporation own and manage only one property in Florida, that being the Falls of Bonaventure.

18. Upon information and belief, Bonaventure Associates 93 Ltd. bought the Fall of Bonaventure complex in a foreclosure sale in 1993. In 1994, Bonaventure Associates 93 Ltd signed an "Extended Low-Income Housing Agreement" with the Florida Housing Finance

*FHC v. Bonaventure, et al.,*
Complaint

Agency, whereby Florida Housing Finance Agency would allocate Federal Tax Credits under Section 42 of the Internal Revenue Code to the developer in connection with the construction of a multi-family residential rental housing project where at least 40 percent of the residents have low income. The Housing Credit program is governed by the U.S. Department of Treasury under Section 252 of the Tax Reform Act of 1986 and Section 42 of the Internal Revenue Code, as amended.

19. All of the above named Defendants, individually and jointly, are responsible for the formulation and implementation of all policies, practices, acts and conduct with respect to marketing, operations, rental, terms and conditions of rental and all facets of ownership and property management with respect to the Falls of Bonaventure Apartments, and is similarly responsible for the conduct, acts and statements of its managers, agents and employees.

### Factual Background

20. In August, 2006, the FHC received information in one of its education and outreach seminars that the Falls of Bonaventure were denying families of 4 persons from renting two bedroom units. Soon after, the FHC began an investigation to determine if the Falls of Bonaventure was violating the federal Fair Housing Act in regard to familial status.

21. Plaintiff FHC's review of Defendants' written and published occupancy policy was found to be contrary to the 2 persons per bedroom occupancy standards and policy enacted by U.S. Department of Housing and Urban Development (HUD) and used for enforcement purposes to determine whether or not a housing provider's occupancy standards has an adverse

impact and discriminatory effect on families with children in violation of the Fair Housing Act.

22. Plaintiff FHC also confirmed that Defendants' occupancy policy was contrary to state and local occupancy standards stipulated by the Building Officials and Code Administrators (BOCA), Universal Building Code (UBC), and that of the Standard Building Code (SBC), which also provides reasonable occupancy guidelines of 2 persons per bedrooms.

23. Plaintiff FHC's on-site investigation confirmed that the Defendants were engaged in a pattern and practice of conduct in violation of the Fair Housing Act, that the unreasonable occupancy standards at the Falls of Bonaventure adversely affected families with minor children, and impaired Plaintiff FHC's mission insuring that the community at large is free from barriers to equal housing opportunity that involve discriminatory housing practices, including discrimination on the basis of familial status.

24. Consistent with its mission to eliminate barriers to housing opportunity, Plaintiff FHC's investigation produced direct evidence that Defendants engaged in a pattern and practice of intentional housing discrimination based on familial status by formulating, implementing and enforcing a policy that denied housing to two-parent households with two minor children, and one parent households with three minor children, despite the statutory and regulatory obligation of each and every Defendant to comply with the Fair Housing Act.

25. The FHC's investigation also produced direct evidence of unlawful rules, regulations and fines that discriminated against children and discouraged families with children from residing at the Falls of Bonaventure.

26. Plaintiff FHC determined that a two-parent household with more than one minor child would be completely ineligible to live at the Falls of Bonaventure, and that a single parent with three children would also be ineligible.

### Injury to Plaintiffs

27. The FHC has made substantial efforts and expended considerable resources to ensure equal opportunities for families with children. Defendants' discriminatory actions have (1) interfered with the efforts and programs of the Fair Housing Center which are intended to bring about equality of opportunity for families and others in housing; (2) forced the Fair Housing Center to devote scarce resources to identify and counteract Defendants' unlawful housing practices and to otherwise divert those same resources from its education, counseling, and referral services; (3) interfered with the rights of the Fair Housing Center's constituents to enjoy the benefits of living in a community which does not discriminate against families with children; and, (4) frustrated the Fair Housing Center's mission and purpose of promoting the equal availability of housing to all persons without regard to race, religion, gender, national origin, familial status or disability.

28. Defendants' unlawful actions described above were, and are, intentional and willful, and/or have been and are implemented with callous and reckless disregard for the federally rights of the Plaintiff and families with minor children at large.

### Cause of Action

29. Plaintiff repeats the allegations contained in paragraphs (1) through (28) as if fully

*FHC v. Bonaventure, et al.,*
*Complaint*

set forth herein.

30. Defendants are liable for the violation of Plaintiff's rights under the Fair Housing Act, as amended, 42 U.S.C. §3604 (a), (b), and (c), based on practices and policies enforced through the actions of their agents, which includes the denial of housing based on familial status; such agents' discrimination in the terms, conditions, or privileges of rental based on familial status; and such agents' statements regarding rental of a dwelling indicating a preference, limitation or discrimination based on familial status, and unlawful rules, regulations, and fines. To the extent that fines were assessed against children unlawfully for the use of common facilities they must be considered "gross rent" in determining whether the Falls of Bonaventure charged excess rent in violation of the rent restrictions imposed by the low-income tax credit law and with the agreement between the Florida Housing Financing Agency and the Falls of Bonaventure.

## **Prayer for Relief**

**WHEREFORE,** Plaintiff prays:

(a) That the Court declare the actions of Defendants complained of herein to be in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §3604 (a), (b), and (c);

(b) That Defendants be ordered to take affirmative actions to ensure that the discriminatory policies and practices complained of above are not engaged in again by them or any of their agents;

(c) That Defendants, their agents, employees, and successors be permanently enjoined

*FHC v. Bonaventure, et al.,*
*Complaint*

from discriminating on the basis of familial status against any persons in violation of the Fair Housing Act;

(d) That the Court reassess Defendants' participation in any and all projects in which they have been granted benefits under the "Low Income Housing Tax Credit" multifamily program or any other state or federal program, to determine whether Defendants must reimburse advanced benefits arising out of the violation of the Fair Housing Act;

(e) That appropriate compensatory and punitive damages be awarded to Plaintiff and against Defendants;

(f) That Plaintiff be awarded its costs and reasonable attorneys' fees in this action; and,

(g) That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## Jury Demand

Pursuant to Fed R. Civ. P. 38, Plaintiff hereby demands trial by jury on all issues.

*FHC v. Bonaventure, et al.,*
*Complaint*

## **CERTIFICATE OF SERVICE**

Dated: January 23rd, 2007

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by service of process.

Respectfully submitted,

By: _____
JENE P. WILLIAMS-RHOADS, ESQ.
Florida Bar No.: 55980
Liggio Benrubi & Williams, P.A.
The Barristers Building, Suite 3-B
1615 Forum Place
West Palm Beach, Florida 33401
FL. Bar No.: 55980
Tel. 561-616-3333
Fax 561-616-3266
E-mail: jwilliams@liggiolaw.com

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Fair Housing Center of the Greater Palm Beaches, Inc.,

### DEFENDANTS
Bonaventure Associates 93 LTD, et al.,

(b) County of Residence of First Listed Plaintiff: **Palm Beach County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jene P. Williams-Rhoads, Esquire/Liggio, Benrubi & Williams, P.A.
1615 Forum Place, Suite 3B, West Palm Beach FL 33401
Telephone: 561/616-3333

Attorneys (If Known)

**07-80084**

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

07CV80084 DTKH/JMH

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability |  | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | PERSONAL INJURY ☐ 362 Personal Injury - Med. Malpractice ☐ 365 Personal Injury - Product Liability ☐ 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☑ 443 Housing/Accommodations | ☐ 530 General | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **FEDERAL TAX SUITS** | ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE _____    DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Statute 3601 (Fair Housing Act of 1968)

LENGTH OF TRIAL via **4** days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  1-23-2007

FOR OFFICE USE ONLY
AMOUNT _____ RECEIPT # _____ IFP _____